IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.   4:06CR00354 JMM

MICHAEL SHORE a/k/a
    BLAKE SHORE

RESPONSE TO MOTION TO DISMISS COUNTS 1-5

Comes the United States of America, by and through, Jane W. Duke, Acting United States Attorney for the Eastern District of Arkansas, and Karen Whatley, Assistant United States Attorney, and for its response to Defendant's motion to dismiss Counts 1-5, states:

1. On September 16, 2006, the defendant was arrested in the Eastern District of Arkansas based on a Complaint charging him with production of child pornography in violation of Title 18, United States Code, Section 2251(a).

2. On October 4, 2006, a grand jury in the Eastern District of Arkansas returned an Indictment charging him with the same offense.

3. On February 7, 2007, a Superseding Indictment was returned by the grand jury charging the defendant with three counts of production of child pornography in violation of Title 18, United States Code, Section 2251(a), one count of enticement of a minor in violation of Title 18, United States Code, Section 2422(b), and one count of obstruction of justice in violation of Title 18, United States Code, Section 1512(c)(2). A forfeiture allegation was also included in the Superseding Indictment.

4. On July 11, 2007, after the defendant waived venue and requested that charges which should be filed in the Southern District of Ohio be charged in the Eastern District of

Arkansas, and this Court ordered the same, a Second Superseding Indictment was returned by the grand jury charging the defendant with three counts of production of child pornography in violation of Title 18, United States Code, Section 2251(a), one count of enticement of a minor in violation of Title 18, United States Code, Section 2422(b), one count of receipt of child pornography in violation of Title 18, United States Code, Section 2252(a)(2), one count of possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4)(B), and one count of obstruction of justice in violation of Title 18, United States Code, Section 1512(c)(2). A forfeiture allegation was also included in the Second Superceding Indictment.

     5.     The defendant has now filed a motion to dismiss Counts 1-5 of the Second Superseding Indictment. In support of his motion, the defendant argues that the federal statutes at issue are unconstitutional, that the lack of mistake of age defense violates due process, and that the violation of federalism violates due process. For the reasons set forth below, the United States requests that the motion be denied.

**Argument**

    **A.**    **Age of Consent**

This is a case in which the defendant was engaging in sexual activity with a person under the age of 18 and was videotaping the sex acts, taking pornographic photographs of the victim, or causing her to make images of herself.[1] The defendant argues that while the victim could consent

---

[1] While the United States acknowledges that the victim in this case is over the age of 18, she is still a victim of child exploitation and the United States will not refer to her by name. Further, the United States requests that her name be redacted from the defendant's pleading (document 48).

2

to engage in the sex act under Arkansas law, she must also be capable of consent to photography of the act.  While the defendant's memorandum is an interesting law review article on what the defendant and his counsel think the law should be, it does not address what the law is.  The issue presented in this case is not one of contraception, abortion, homosexual relations, or the right to refuse medical treatment; this is a case involving an adult exploiting a minor through the making of pornographic videos and pictures.

The child exploitation statutes, including the ones with which the defendant is charged, were enacted to protect minors from being exploited by adults.[2]  As the Eighth Circuit has noted, "the government has greater leeway to regulate child pornography because the government has a 'more compelling interest in prosecuting those who promote the sexual exploitation of children.'" *United States v. Bausch*, 140 F.3d 739, 741-742 (8th Cir. 1998) (quoting *New York v. Ferber*, 458 U.S. 747, 761, 102 S.Ct. 3348, 3356-57, 73 L.Ed.2d 1113 (1982)).   The fact that the victim could have sex with the defendant and the defendant not be charged under Arkansas law is a problem for the Arkansas legislature to fix, not a window by which the defendant can escape prosecution in this instance.

The defendant argues that he had a due process right to rely on her consent - that is ludicrous.  A person does not have the liberty to exploit minors no matter how willing they are.  There is no sexual privacy in child exploitation and a person does not have the constitutional right to possess child pornography.  *See United States v. Vincent*, 167 F.3d 428, 431 (8th Cir. 1999) (citing *Osborne v. Ohio*, 495 U.S. 103, 110 S.ct. 1691, 109 L.Ed.2d 98 (1990)) in which

---

[2] A minor as defined by statute is someone under the age of eighteen (18).  18 U.S.C. § 2256(1).

the Court upheld a statute prohibiting mere possession of child pornography).  Contrary to his assertions, the defendant's activities are not protected. *United States v. Bach*, 400 F.3d 622 (8th Cir. 2002).

As the defendant pointed out in his pleading, the Eighth Circuit in *United States v. Bach*, 400 F.3d 622 (8th Cir. 2002) has previously dealt with the issue of whether a defendant can be charged and convicted of producing child pornography in violation of 18, U.S.C. § 2251 when the sex act portrayed is noncriminal consensual sexual conduct.  The court affirmed the defendant's conviction and determined there was no constitutional violation. *Id*.  As the court noted, Congress' decision to "regulate child pornography by defining minor as an individual under eighteen is rationally related to the government's legitimate interest in enforcing child pornography laws." *Id*. at 629.

In light of the above, the statutes at issue are constitutional and the defendant's arguments must fail.

      **B.**      **Mistake of age defense**

For his second argument, the defendant states that in order to make the statutes at issue constitutional, the court must engraft a mistake of age defense into the statute and instruct the jury on it.  First, the defendant appears to need to be educated on the three branches of government and how they operate.  The legislative branch enacts the law, the executive branch enforces the law, and the judicial branch interprets the law.  It is the legislative branch, not the judicial branch, that would "engraft" a mistake of age defense into the statute.  Since one does not exist in federal law, the Court cannot create one.

Further, even if the mistake of age defense were available, the defendant could not avail

himself of it. The evidence the United States intends to introduce at trial will prove that the defendant knew the victim's age.

In support of his motion, the defendant argues *United States v. United States District Court for Central District of California*, 858 F.2d 534 (9th Cir. 1988) for the proposition that such a defense should exist for cases charged pursuant to 18 U.S.C. § 2251(a). The Eighth Circuit has rejected the holding of that case in the past and has determined that the absence of a mistake of age defense in a statute does not make the statute unconstitutional. *Gilmour v. Rogerson*, 117 F.3d 368 (8th Cir. 1997). Therefore, the defendant's motion fails on this ground as well.

    **C.**    **Violation of Federalism**

For his third argument, the defendant argues that a federal law criminalizing actions otherwise lawful under State law is somehow violative of the U.S. Constitution. The Eighth Circuit has already rejected this argument in *United States v. Freeman*, 808 F.2d 1290 (8th Cir. 1987). In *Freeman*, the defendant argued that because a sixteen year old girl was old enough to consent to sex under Arkansas law, it would violate equal protection to prosecute the man she had sex with for performing those acts on videotape. *See Freeman*, 808 F.3d at 1292-93. Although the defendant couched the language in terms of "equal protection," the Court's reasoning is just as pertinent to a due process claim as made by the defense in the present case.

The Eighth Circuit, relying on the Supreme Court's decision in *Smith v. United States*, 431 U.S. 291, 307 (1977), noted that "the State's right to abolish all regulation of obscene material does not create a correlative right to force the Federal Government to allow the mails or channels of interstate or foreign commerce to be used for the purposes of sending obscene

material into the permissive state." *Freeman*, 808 F.2d at 1293. A decision by Arkansas to define a minor as one under the age of sixteen in no way required the Federal Government to follow suit. *Id.*

Defendant also argues that the prosecuting him would completely discard notions of federalism, such to "shock the judicial conscience." While recognizing that we are a nation of dual sovereignly, the defendant fails to acknowledge that for that reason his federalism argument fails. Even an elementary understanding of federalism reveals that it cannot be violated by a sovereign (United States) exercising its lawful constitutional authority within its lawful constitutional sphere. Our system is one of powers delegated to the federal government and reserved by the states, *see* U.S. Const. amend. X, and so constitutional federalism is reinforced by each sovereign operating within the bounds of its own authority. As the Constitution implies, U.S. Const. art. I, § 8 ("Congress shall have Power . . . [t]o regulate commerce . . . among the several States."), and the Supreme Court has repeatedly and definitively held, *see*, *e.g.*, *United States v. Lopez*, 514 U.S. 549, 558 (1995), the Federal Government's power to regulate commerce includes the regulation of the channels and instrumentalities of commerce. Case after case, from the Supreme Court and the Eighth Circuit have upheld the acts challenged by the defendant as within this commerce power. Because, therefore, the acts are made and enforced within the constitutional authority of the federal government, any argument regarding federalism must fail. To allow permissive state laws to trump federal action would make a mockery of reasoned application of federalism and utterly reject notions of federal sovereignty. As with his previous arguments, such arguments are not constitutionally grounded and should be rejected out of hand.

**Conclusion**

WHEREFORE, for the above reasons, the United States requests that the defendant's motion to dismiss Counts 1-5 be denied.

Respectfully submitted,

JANE W. DUKE
ACTING UNITED STATES ATTORNEY


By /s/ KAREN WHATLEY
Assistant U. S. Attorney
P. O. Box 1229
Little Rock, AR 72203
(501) 340-2600
karen.whatley@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which shall send notification of such filing to the following:

John Wesley Hall
Attorney at Law
1311 Broadway
Little Rock, AR 72202

Stuart Vess
Attorney at Law
406 West Pershing Boulevard
North Little Rock, AR 72114


/s/ KAREN WHATLEY