IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

V.                       NO: 4:06CR00354

MICHAEL SHORE

## ORDER

Pending is Defendant's motion to dismiss Counts 1-5 of the Second Superceding Indictment. (Docket # 48). The government has responded. On July 11, 2007, a Second Superseding Indictment was returned by the grand jury charging the defendant with three counts of production of child pornography in violation of 18 U.S.C. §2251(a), one count of enticement of a minor in violation of 18 U.S.C. §2422(b), one count of receipt of child pornography in violation of 18 U.S.C. §2252(a)(2), one count of possession of child pornography in violation of 18 U.S.C. §2252(a)(4)(B), and one count of obstruction of justice in violation of 18 U.S.C. §1512(c)(2). A forfeiture allegation was also included in the Second Superseding Indictment.

The defendant has filed a motion to dismiss Counts 1-5 of the Second Superceding Indictment arguing that the statutes are unconstitutional as applied in this case, that lack of mistake of age defense violates his constitutional rights because it denies him the opportunity to put on a complete defense, and the violation of federalism shocks the conscience and violates due process.

"The Constitution offers less protection when sexually explicit material depicts minors rather than adults," thus there is no constitutional right to possess child pornography. *United*

*States v. Vincent*, 167 F. 3d 428 (8th Cir. 1999).  Further, the Eighth Circuit Court of Appeals has considered whether a defendant can be charged and convicted of producing child pornography in violation of 18 U.S.C. §2251 when the sex act portrayed is noncriminal consensual sexual conduct under state law.  In *United States v. Bach*, 400 F.3d 622 (8th Cir. 2005) the Court affirmed the defendant's conviction finding that his privacy argument failed because activities related to child pornography are not protected by a constitutional right of privacy.  The Court found that the congressional choice to regulate child pornography by defining a minor as an individual under eighteen is rationally related to the government's legitimate interest in enforcing child pornography laws.  *Id*. at 629.

The Court also rejects the Defendant's contention that he is entitled to a mistake of age defense.  The Eighth Circuit Court of Appeals considered an Iowa statute similar to §2251 and concluded that the First Amendment does not mandate a mistake of age defense to the offense of sexual exploitation of a minor.  *Gilmour v. Rogerson*, 117 F. 3d 368, 370-73 (8th Cir. 1997) *see also, United States v. X-Citement Video, Inc*., 513 U.S. 64, 76 & n.5, 115 S.Ct. 464 (1994) (concluding, although in dicta, that a mistake of age defense to 18 U.S.C. § 2251 is not mandated and citing a Senate Conference Committee Report explaining that the deletion of the word "knowingly" from § 2251 reflected an intent to eliminate knowledge of age as an element of the crime.)

Finally, the Court rejects the Defendant's argument that his federal prosecution violates the notions of fair play and substantial justice.

Accordingly, the defendant's motion to dismiss Counts 1-5 of the Second Superceding Indictment is DENIED.

IT IS SO ORDERED this 6th day of March, 2008.

                                                  James M. Moody
                                                  United States District Judge